American Cotton Oil Co. *v.* La Valle House.*

(Division B.   Oct. 31, 1927.   Suggestion of Error Overruled Nov. 14, 1927.)

[114 So. 321.   No. 26646.]

1. APPEAL AND ERROR. *Supreme court itself will raise question of its jurisdiction of appeal from judgment setting aside default judgment and reinstating cause for trial (Hemingway's Code, 1927, sections 8, 3156).*

   Supreme court, on its own motion, will raise question whether it has jurisdiction, under Hemingway's Code 1927, section 8, of appeal from judgment setting aside judgment by default and reinstating cause on docket of court for trial under section 3156.

2. APPEAL AND ERROR. *Circuit court judgment setting aside default judgment, and reinstating cause on docket for trial, was not appealable as "final judgment" (Hemingway's Code 1927, sections 8, 3156).*

   Judgment of circuit court setting aside judgment by default rendered at former term, and reinstating cause on docket of court for trial, under Hemingway's Code 1927, section 3156, was not a "final judgment," and was not appealable under section 8, authorizing supreme court to review on appeal final judgments of circuit courts.

3. APPEAL AND ERROR. *Question of error in setting aside default judgment and reinstating cause for trial can be reviewed on appeal from final judgment (Hemingway's Code 1927, section 3156).*

Question whether court erred in setting aside judgment by default and reinstating cause on docket of court for trial, under Hemingway's Code 1927, section 3156, can be reviewed on appeal from the final judgment rendered after trial.

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 372, n. 53; p. 527, n. 36; 4CJ, p. 680, n. 52; p. 682, n. 93.

APPEAL from circuit court of Bolivar county, Second district.

HON. W. A. ALCORN, JR., Judge.

Action by the American Cotton Oil Company against the La Valle House. Judgment was rendered for plaintiff, and from a judgment setting aside this judgment and the reinstating cause on docket of court for trial, plaintiff appeals. Appeal dismissed.

*Shands, Elmore & Causey,* for appellant.

I. The court should have granted appellant the peremptory instruction. The judgment which the appellee is attacking, shows affirmatively that the appellee appeared, presented his defense, the jury returned a verdict, and upon such verdict the court pronounced the judgment. The question therefore arises, can this judgment be revoked by means of the writ of error *coram nobis?* It is our contention that it cannot. The purpose of the writ is to revoke a judgment because of the existence of a fact which was unknown to the party affected, at the trial, and unknown to the court, and which if it had been known would have prevented the rendition of the judgment. To obtain such writ, the party attacking the judgment must observe several well-defined rules. See 5 Ency. of Pleading & Prac. 34; *Bennett* v. *State,* 106 Miss. 103; *Fugate* v. *State,* 85 Miss. 94, where the writ was denied.

The rule for which we contend was considered by the supreme court of Florida in *Lamb* v. *State,* 107 So. 535; *Reed* v. *Bright et al.,* 134 S. W. (Mo.) —, and cases

therein cited. See, also, *Holford* v. *Alexander, Assignee,* 12 Ala. 286, 46 Am. Dec. 253; *Corney* v. *M'Donald,* 10 Heisk. (Tenn.) 234; *Hartman* v. *Hartman,* 133 S. W. 669. The rule as announced in the foregoing cases has been followed in *Howard* v. *State* (Ark.), 24 S. W. 8; *Kemp* v. *Cook* (Md.), 79 Am. Dec. 681; *Bronson* v. *Schulten,* 26 L. Ed. 797, 14 Otto 410.

In the case at bar the appellee in his petition for the writ of error *coram nobis* has proceeded contrary to the well-established rules of law, under which the writ may be issued. He has by his petition set up facts as a defense which have already been adjudicated in the former suit. He has alleged in his petition a state of facts which contradict the solemn judgment of a court. He alleged facts which contradict the judicial finding of the court, a finding based upon physical facts which transpired under the very eye of the court, wherein it is alleged that there was no appearance and trial of the case. If such may be done then judgments may no longer be regarded as the highest evidences of debt known to the law, and the presumption will not obtain that they are made up after most careful deliberation. But the supreme court of Mississippi has not treated a judgment so lightly. This court has not permitted judgments to be so easily overthrown. *Miller* v. *Ewing,* 8 S. & M. 431; *Corry* v. *Buddendorff,* 98 Miss. 98, 43 So. 84.

If a judgment may be thus successfully overthrown by testimony of the judgment debtor, a judgment would always be open to attack, and, a judgment, as held by the court in the *Corry case, supra,* would no longer be a final adjudication of the rights of litigants, but the starting point from which new litigation may spring up. Acts of limitation would become useless and nugatory; purchasers on the faith of judicial process would find no protection; every right established by a judgment would be insecure and uncertain and a cloud would rest upon every title based upon a judicial sale. A purchaser would not care to bid at such sale, because his title may

be worthless. Thus property would be sacrificed. The judgment creditor would not receive in many instances his debt from the sale, and the judgment debtor would have his property sacrificed at a price less than its fair cash value.

The question before the court was plainly a question of law, that is whether full faith and credit should be given to one of its records. If we are correct in this contention, then this court should reverse and vacate the holding of the lower court and enter a judgment for appellant.

II. If wrong in this contention, then we say that the court committed error in permitting the appellee to introduce evidence on the question of whether or not he was indebted to the appellant.

The office of the writ is to obtain a recall of the judgment. The reason for the recall is because some new fact has been ascertained not known at the trial, which would likely cause a different judgment to be rendered. If the newly disclosed fact presented by the petition is sufficient to cause a recall, then the cause is continued on the docket as a pending cause to be tried. At the trial of the original suit the issues involved in that suit are tried. 5 Enc. of Pleading & Prac., 36, 37. The same rule is stated in 2 R. C. L. at page 310, and cases therein cited, including *Desha* v. *Holland,* 46 Am. Dec. 253, and note at 261. See, also, *Fellows* v. *Griffin,* 9 S. & M. 362.

Under the authorities cited and under the rulings of the lower court the question of whether or not appellee was indebted to appellant was not before the court and could not properly come before the court until the court determined whether or not the original judgment should be revoked.

But contrary to such authorities and rulings, the lower court proceeded to permit appellee to introduce testimony to the effect that he was not indebted. It is elementary that only such evidence should be admitted as

relates to the issues.. 10 R. C. L. at pages 925, 927; *Dyson* v. *State,* 26 Miss. 385; *Ry. Co.* v. *Tyson,* 46 Miss. 739; *Hawkins* v. *James,* 69 Miss. 274, 13 So. 813. The above cases sustain our position and are applicable to the question under discussion.

We had a right to rely upon the pleadings in the case as settled by the court.

*Roberts & Hallam,* for appellee.

I. The basis of this action is section 3156, Hemingway's 1927 Code. The appellee La Valle House under the decision of Chief Justice CAMPBELL in *Meyer. Brothers* v. *Whitehead,* 62 Miss. at 387, filed the petition for a writ of error *coram nobis.* Petitioner might have filed a motion as a substitute for this petition.

Certainly as is set out in the above case if the petitioner or the promovent should be allowed to show "that the judgment taken at the first term upon service of the summons, which appeared by the return to be good to uphold the judgment at the return term" was not in fact served within five days of the return term and of this proof the court set aside the judgment and reinstated the case, then without question, the petitioner or promovent should be granted the right to come in and show that as a matter of fact no summons was ever served upon him, and that is what the court did in the present case, and this being the case the court was right in not granting the peremptory instruction asked for by the appellant.

The contention of the appellee is that it is not necessary to go out of the decisions of the supreme court of Mississippi to determine that the appellee was right in filing his petition for a writ of error *coram nobis,* for our court in the above cited case has so held and the citations from the Missouri supreme court and the supreme court of Alabama may represent the law of those states but do not overthrow the decisions in Mississippi.

The debtor is protected by the law as well as the creditor, and if section 3156, Hemingway's 1927 Code,

should be repealed, it would be a very easy matter for an unscrupulous or a careless officer to make returns without serving the papers, and where judgment should be entered upon such a return the one against whom the judgment was directed would be powerless to have his rights submitted to the court. The wisdom of the passage of this section of the Code has certainly been established, and for this reason and that right and justice may prevail we submit that the court was correct in refusing to grant the peremptory instruction asked by the appellant.

It will be seen from a careful reading of *Miller* v. *Ewing,* 8 S. & M. 431, that Judge Sharkey himself concurred in the view that where no plea was filed, either by the defendant in person or by attorney, as in the case at bar, it was competent to attack and overthrow the recitation in the judgment that the party had actually appeared. In the case at bar it is shown conclusively that no plea was ever filed by either the appellee La Valle House or his co-defendant L. G. Dean, and the mere recitation in the judgment that the parties appeared in person and by attorney is not conclusive, but that is "mere recital by the clerk." Our court has frequently decided that such a recital is not conclusive and may be shown to be false.

*Pittman & Gwin* v. *Planters Bank,* 1 Howard 527-530; *Copeland* v. *Pate,* 6 How. 275, 276; *Dean* v. *McKinstry,* 2 S. & M. 213; *Edwards* v. *Toomer,* 14 S. & M. 75; *Schirling* v. *Scites,* 41 Miss. 644; *Barker* v. *Harper,* 42 Miss. 277, 281.

From the foregoing cases it is apparent that the decisions cited by the appellant from foreign jurisdictions to the effect that the record is conclusive, are not to the point. In the case at bar there was service of process on one defendant, and no service on the appellee; no plea was filed by either of the defendants. And it affirmatively appears that the summons for the two defendants, L. G. Dean and La Valle House, was served on L. G. Dean only. This destroys the entire foundation

for the judgment, and the superstructure must fall with it.

For these reasons it is clear that the peremptory instruction was properly refused.

II. The record is clear and decisive with competent evidence and if any testimony entered into the record that was incompetent, the error in allowing this testimony was a harmless error, if error at all.

The testimony on cross-examination is identical with the testimony that the witnesses gave in the examination in chief, and this testimony was brought out by the attorney for the appellant and if error entered in by the answers of the witnesses being incompetent on examination in chief then this error was cured by the cross-examination of the attorney for appellant. See Supreme Court Rule No. 11. This rule has been applied in *Preston Jones* v. *State,* 104 Miss. 871, 61 So. 979; *Marshall* v. *State,* 123 Miss. 227, 85 So. 184; *Planters Lumber Co.* v. *Sibley,* 130 Miss. 26, 93 So. 440; *Ladnier* v. *Ingram Day Lumber Co.,* 135 Miss. 632, 100 So. 369. See, also, *Barringer et al.* v. *Nesbit et al.,* 1 S. & M. 22.

The courts of Mississippi early held that although incompetent evidence may have been submitted for which error the judgment would ordinarily be reversed, yet when the court is satisfied from the whole case that justice has been done so far as it can be and that another trial must have the same result, then the case would be affirmed in spite of incompetent evidence. *McMullen* v. *Mayo,* 8 S. & M. 298; *Newman Lbr. Co.* v. *Dantzler,* 107 Miss. 31, 64 So. 931; *McTighe et al.* v. *Johnson,* 114 Miss. 862, 75 So. 600; *Kress & Co.* v. *Markline,* 117 Miss. 37, 77 So. 859; *Railroad Co.* v. *Mothershed,* 122 Miss. 835, 85 So. 98; *Union & Planters Bank & Trust Co.* v. *Rylee,* 130 Miss. 892, 94 So. 796; *Brookhaven Lbr. & Mfg. Co.* v. *Adams,* 132 Miss. 689, 47 So. 484.

Anderson, J., delivered the opinion of the court.

This is an appeal by the American Cotton Oil Company from a judgment of the circuit court of the Second judicial district of Bolivar county rendered at its November, 1926, term, setting aside a judgment of the same court rendered at a former term against the appellee and in favor of the appellant, and reinstating the cause on the docket of the court for trial.

The proceeding by which the judgment rendered at the former term of the court was set aside was under section 2952, Code of 1906 (section 3156, Hemingway's 1927 Code), which is a proceeding in the nature of a writ of error *coram nobis.* The ground upon which the former judgment was set aside was that the appellee had not been served with process, nor appeared to the action either in person or by attorney. Process in the cause for appellee showed personal service upon him; in fact, the entire proceedings in the cause, including the judgment which was set aside, were, on their face, regular and legal. Section 3945, Code of 1906 (section 3156, Hemingway's 1917 Code) is identical with section 1533, Code of 1880. The statute was before the supreme court in *Meyer Brothers v. Whitehead,* 62 Miss. 387, wherein it was held that the statute "removes all ground of objection to a proceeding by writ of error *coram nobis,* or motion as a substitute for it, before the court which has rendered judgment on a false return of service of a summons to vacate such judgment;" that a defendant against whom a judgment by default has been rendered at the return term upon a return of personal service of summons made five days before the return day thereof may, under this statute, at a subsequent term, have such judgment vacated by a motion for that purpose in the court where the judgment was rendered, and, upon proof that the return of summons is false, and that, in fact, it had been served only four days before the return day, that in such case the court may cause an issue of fact to be made up to test the truth or falsity of the return of summons, and submit same to a jury for trial, and that, where the judgment is set

aside in such a proceeding, the court should treat the case as pending, and require the defendant to plead at once.

At the threshold of the case we are met with the question whether the supreme court has jurisdiction of an appeal from such a judgment, and this is a question which the supreme court will raise on its own motion. *Ward* v. *Whitfield,* 64 Miss. 754, 2 So. 493; *Talbot & Higgins Lbr. Co.* v. *McLeod Lbr. Co.,* 147 Miss. 186, 113 So. 435. The question turns upon whether the judgment appealed from was a final judgment. Under section 33, Code of 1906 (section 8, Hemingway's 1927 Code), the supreme court can only review on appeal final judgments of circuit courts. The judgment here in question is not a final judgment. It is no more a final judgment than the judgment sustaining a motion for a new trial. It did not put an end to litigation in the trial court. There is to be another trial between the same parties, involving the identical cause of action upon which the first judgment was taken. It may be, as contended by appellant, that the court committed a grievous error against the appellant in setting aside the former judgment; but, if that be true, appellant's remedy to have the judgment reinstated is not impaired by a denial of his right to prosecute this appeal. In the first place, on another trial, appellant may recover judgment again. And, second, if judgment should be rendered in favor of the appellee, dismissing appellant's cause, the latter would have the remedy of appeal to the supreme court, and, on that appeal, would have the right to have the supreme court review the question whether there was error in setting aside the former judgment in favor of the appellant.

This court, therefore, will not pass on the question whether there was error in setting aside the judgment in appellant's favor and reinstating the cause. That question is not properly before this court, and cannot reach here until a final judgment is rendered in the cause.

*Appeal dismissed.*