In re HOLLENSBEE'S ESTATE.
ALLEN *v.* FIRST NATIONAL BANK OF JACKSON.

Nov. 16, 1953

No. 39063 43 Adv. S. 14 67 So. 2d 709

Oct. 5, 1953 37 Adv. S. 22 67 So. 2d 275

Oct. 19, 1953 39 Adv. S. 23 67 So. 2d 389

*Boydstun & Boydstun*, Louisville, for appellant.

*Watkins & Eager, Young & Daniel*, Jackson, for appellee.

McGehee, C. J.

This is an appeal from an order vacating a decree which admitted to probate in solemn form a copy of the alleged lost holographic will of Mrs. Cherry Hamilton Hollensbee, deceased. The order appealed from which set aside the decree admitting the alleged will to probate in solemn form was an interlocutory order, and there was no appeal granted by the chancellor therefrom. Nor was the interlocutory appeal applied for either to the chancellor or to a member of this Court after any refusal by the chancellor to grant the same, and bond given within 30 days after the rendition of such order as provided for by Section 1148, Code 1942.

The record before us discloses that the appellant Mrs. Ruby Allen, formerly Miss Ruby Alston, filed a petition on June 13, 1951, to probate in common form the alleged holographic will of Mrs. Cherry Hamilton Hollensbee, deceased, who is alleged to have died on June 16, 1950, and obtained a decree at the time of the filing of the petition from the chancellor granting the prayer thereof.

Thereafter on September 13, 1951, the said Mrs. Ruby Allen filed an amended petition asking for the probate of the alleged will in solemn form, and asking that the

State of Mississippi and all heirs, known and unknown, of Mrs. Cherry Hamilton Hollensbee be made parties defendant and served with process to appear and answer the proceeding for probate in solemn form. Process was had by publication on the unknown heirs of the alleged testatrix and a summons was issued and directed to the Sheriff of Hinds County to summon the State of Mississippi as a defendant, and the writ was served upon the Attorney General on September 19, 1951.

On October 25, 1951, a decree was rendered by the chancery court of Hinds County, in which the proceeding was pending, and which recites that the cause came on to be heard on the original petition for probate in common form and amended petition for probate in solemn form, and upon the process hereinbefore mentioned; and the decree further recites that the Attorney General of the State of Mississippi appeared in response to said process and announced that the State would file no objection to the probation of said will, and that no heirs at law of the deceased or any other party appeared or filed objection thereto. The decree then admits the will to probate in solemn form and declared that the proponent thereof, Mrs. Ruby Allen, was entitled to receive and take under said will all property, real and personal, of which the said Mrs. Cherry Hamilton Hollensbee died seized and possessed.

In the affidavit to the amended petition for probate it was averred that "there is now an acting administrator of the estate." After the admission of the said will to probate in solemn form by the decree of October 25, 1951, the appellee, First National Bank of Jackson, filed its petition on October 30, 1951, alleging that it had been appointed administrator of the estate on June 24, 1950, and had been administering said estate since that date, but that it had not been given notice of the proceeding whereby the alleged will was admitted to probate in solemn form; that there was other litigation pending in the

chancery court of Hinds County involving the estate of Mrs. Cherry Hamilton Hollensbee namely Cause No. 42,150, a suit by the State of Mississippi against the said First National Bank as Administrator and certain individual defendants; that some of the heirs of E. B. Hollensbee, deceased, were making claim against the administrator to the assets of the estate of the alleged testatrix; and that the First National Bank had filed in Cause No. 24,382 on the docket of said court a final account for the said Mrs. Cherry Hamilton Hollensbee, deceased, as prior administrator of the estate of E. B. Hollensbee, deceased, and that for the reasons above set forth the Bank as administrator had an interest in the subject matter and was a proper and necessary party to the probate of the said alleged will in solemn form.

Upon the hearing of the petition filed by the appellee bank an order was entered on that same day authorizing the bank to intervene as administrator in said cause. Thereafter on November 23, 1951, the bank as such administrator filed a motion to set aside the decree of October 25, 1951, whereby the alleged lost holographic will had been admitted to probate, and alleging that the said administrator, pursuant to orders of the said court, holds all of the assets and the property owned by the testatrix at the time of her death; and that the said bank had been administering the estate under the orders of the court since its appointment as such administrator on June 24, 1950.

Objections were interposed by the appellant Mrs. Ruby Allen to the administrator being allowed to file such a motion, and a response was made by the bank to such objections on December 5, 1951. Thereafter the State of Mississippi through the Attorney General filed an answer to the petition to probate in solemn form, stating that "if the same affects the interest of the State of Mississippi" strict proof should be made of the allegations of the petition for such probate.

Finally on December 11, 1952, the chancellor entered a decree reciting that "the decree herein of October 25, 1951, admitting the will to probate in solemn form having been abated and set aside on November 23, 1951, . . . and the court now having reviewed all of the instruments on file in this cause and having taken judicial notice of and having considered other causes pending in this court involving the estate of Mrs. Cherry Hamilton Hollensbee deceased, namely (enumerating the other causes hereinbefore mentioned), it is now ordered, adjudged and decreed that the decree of October 25, 1951, admitting said will to probate in solemn form be and the same is hereby set aside."

It will, therefore, be seen that without regard to whether or not the appellee First National Bank administrator, was entitled to petition for the setting aside of the decree of October 25, 1951, admitting to probate in solemn form the alleged lost will of Mrs. Cherry Hamilton Hollensbee, deceased, the said decree of December 11, 1952, left the cause on the docket as a pending case to be heard anew as to whether or not a copy of the alleged lost holographic will should be admitted to probate in solemn form; and that therefore the alleged right of the proponent and beneficiary under the will, Mrs. Ruby Allen, appellant, has not been finally determined and no appeal has been granted either by the chancellor or by any member of this Court in the manner provided for by Section 1148, Code 1942, and the attempted appeal therefrom by the appellant should be dismissed by this Court of its own motion, if it be assumed that the administrator of the estate has no such interest in the property owned by the alleged testatrix as to be entitled to file the motion here for the dismissal of such appeal. In other words, this Court has no jurisdiction of an interlocutory appeal which has not been authorized under the provisions of said statute, which is the sole authority for taking such appeal.

On October 5, 1953, we dismissed the appeal herein upon the motion of the appellee and the brief filed in support thereof and the certificate as to notice served on opposing counsel. On October 19, 1953, we ordered that by consent of the parties the judgment of this court of October 5, 1953, dismissing the appeal should be set aside and that the motion to dismiss should be deemed as still pending with leave to the appellant to reply to the motion to dismiss and brief of the appellee, since the attorney for the appellant had filed an affidavit on October 7, 1953, stating that he did not receive notice of the motion to dismiss and the appellee's brief thereon. See opinion on Motion to Reinstate Appeal reported in 67 So. 2d 275, and 39 Advance Sheet of the Mississippi Reports, page 23, published October 23, 1953.

However, the appellant further contends that the probate of the will in common form, as allowed by decree of June 13, 1951, is still in full force and effect and that the time has now expired within which a contest of the will may be filed. That question may be presented to and passed on by the chancery court wherein the cause is still pending, and where it may be determined as to whether or not the subsequent filing of an amended petition by the appellant to be allowed to probate the will in solemn form had the effect of suspending the running of the two-year statute of limitation relied upon. We pretermit any expression of opinion thereon since the question is raised for the first time here in opposition to the motion to dismiss the appeal.

For the reasons hereinabove stated the motion to dismiss the appeal is now again sustained and the cause remanded for final determination in the trial court.

Motion to dismiss appeal sustained and cause remanded.

*Lee, Arrington, Ethridge* and *Lotterhos, JJ.,* concur.

ON MOTION TO DISMISS APPEAL, AND ON PETITION
FOR CERTIORARI

HOLMES, J.

The First National Bank of Jackson, administrator of the estate of Mrs. Cherry Hamilton Hollensbee, deceased, has filed a motion to dismiss this appeal on the ground that the decree appealed from is not a final decree but an interlocutory decree, and that the appeal was not granted by the chancellor and was not applied for and bond given within thirty days after the decree was filed, as required by Sec. 1148 of the Mississippi Code of 1942.

The said administrator also filed herein a petition for writ of certiorari to bring up to this Court the files in certain related causes in the event the motion to dismiss the appeal should be overruled.

It appears from the motion, and it is not denied, that the appeal is not perfected as an appeal from an interlocutory decree because the statutory requirements therefor were not complied with. The only question presented, therefore, is whether the decree appealed from is a final decree from which an appeal may be perfected as a matter of right as provided by Sec. 1147 of the Mississippi Code of 1942.

The facts pertinent to the solution of this question are as follows: The First National Bank of Jackson was appointed administrator of the estate of Mrs. Cherry Hamilton Hollensbee, deceased, during the year 1950 by the Chancery Court of the First Judicial District of Hinds County. On June 13, 1951, Mrs. Ruby Allen filed in said court a petition to probate in common form an alleged lost holographic will of the decedent, and on the same date, the court entered an order admitting the will to probate. On September 13, 1951, there was filed in said court an amended petition to probate the will in solemn form, naming as defendants thereto the unknown heirs of the decedent and the State of Mississippi,

to whom the decedent's property would escheat in the absence of heirs. Publication was made for the unknown heirs and process was served on the State. The State filed no objection to the probate of the will. On October 25, 1951, a decree was entered admitting the will to probate. On October 30, 1951, the said administrator, on its petition, was authorized to intervene in the cause and an order was entered admitting the said administrator as a party to the cause. On November 23, 1951, the administrator filed a motion to vacate and set aside the decree dated October 25, 1951, admitting the will to probate, and on the same date the court entered an order suspending the operation of said decree until the next term of the court. On December 11, 1952, the court entered a decree vacating and setting aside the prior decree dated October 25, 1951, but not dismissing the petition for the probate of the will and such petition remained pending. It is from this decree vacating and setting aside the prior decree dated October 25, 1951, that this appeal is sought.

Under the facts as related, we are of the opinion that the decree appealed from is not a final decree and this view is supported by the weight of authority and the prior decisions of this Court.

The general rule is stated in 49 C. J. S., pages 557 and 558, as follows: ██ "Where a judgment is vacated or set aside by a valid order or judgment, it is entirely destroyed and the rights of the parties are left as though no such judgment had ever been entered. No further steps can be legally taken to enforce the vacated judgment. The action, however, is left still pending and undetermined, and further proceeding may be had and taken therein. The case stands again for trial or for such other disposition as may be appropriate to the situation."

Again in 4 C. J. S., pages 265 and 266, appears the following: ██ "As a general rule an appeal or writ of error will not lie, unless the case comes within some special

statutory provision, from a judgment or order opening, vacating, or setting aside a judgment, order, or decree previously rendered in the cause, or from an order refusing to open, vacate, or set aside the same, or imposing terms as a condition precedent to the vacation of a judgment, . . ."

This general rule has been recognized by this Court in the case of American Cotton Oil Co., 148 Miss. 259, 114 So. 321, wherein the Court said: "The question turns upon whether the judgment appealed from was a final judgment. Under section 33, Code of 1906 (section 8, Hemingway's 1927 Code), the Supreme Court can only review on appeal final judgments of circuit courts. The judgment here in question is not a final judgment. It is no more a final judgment than the judgment sustaining a motion for a new trial. It did not put an end to litigation in the trial court. There is to be another trial between the same parties, involving the identical cause of action upon which the first judgment was taken. It may be, as contended by appellant, that the court committed a grievous error against the appellant in setting aside the former judgment; but, if that be true, appellant's remedy to have the judgment reinstated is not impaired by a denial of his right to prosecute this appeal. In the first place, on another trial, appellant may recover judgment again. And, second, if judgment should be rendered in favor of the appellee, dismissing appellant's cause, the latter would have the remedy of appeal to the Supreme Court, and, on that appeal, would have the right to have the Supreme Court review the question whether there was error in setting aside the former judgment in favor of the appellant."

▉▉▉ Since we have concluded that the decree from which the appeal is sought is not a final decree, and since the statutory requirements for perfecting an appeal from an interlocutory decree have not been complied with, it

follows that the motion to dismiss the appeal must be and it is sustained.

In view of this conclusion, the petition for writ of certiorari is dismissed.

Motion to dismiss appeal sustained, appeal dismissed, and petition for writ of certiorari dismissed.

*McGehee, C. J.,* and *Lee, Kyle,* and *Lotterhos, JJ.,* concur.

---

ON MOTION TO REINSTATE APPEAL

McGehee, C. J.

On October 5, 1953, as shown by an opinion rendered on that date and reported on October 9, 1953, Advance Sheet No. 37, p. 22 of the Mississippi Reports, we dismissed the appeal in the above-styled cause upon motion of the appellee and brief in support thereof. The record discloses that both the motion and brief contained a certificate of counsel for appellee to the effect that a true and correct copy of the said motion and brief were sent by United States mail, postage prepaid, to the attorneys for the appellant, Boydstun & Boydstun, Louisville, Miss., on the 14th day of August, 1953, which was more than three full days prior to the motion day to which the motion to dismiss was returnable, on September 26, 1953. This is all that was required by Rule 16 of the Rules of the Supreme Court adopted as revised on December 1, 1952.

No response was made to the motion and brief to dismiss the appeal, but the attorneys for appellant have now filed a motion to set aside the order of dismissal entered on October 5, 1953, and to reinstate the cause on the docket; but the motion to reinstate does not comply with Rule 18 of this Court to the effect that ''No cause that has been dismissed shall be reinstated without an affidavit setting forth probable error in the proceedings.''

Nor have the attorneys filing the present motion served opposing counsel with notice thereof. It is stated in the brief in support of their motion that the name and address of the counsel who filed the motion to dismiss was unknown to the movant; and we presume that this is the reason for not having served notice on them of the present motion. However, it would be an easy matter for the counsel to ascertain from the clerk of this Court the names of the attorneys who filed the motion to dismiss and the brief thereon since their names are signed to both the motion and the brief.

But the most important consideration in the motion to set aside the order of dismissal and to reinstate the cause is the failure to set forth any probable cause of error in dismissing the appeal, since we pointed out in our opinion on October 5, 1953, in dismissing the same, that the appeal is not from a final decree, but an interlocutory decree, and that the appeal was not granted by the chancellor, and was not applied for and bond given within thirty days after the decree was filed, as required by Section 1148 of the Mississippi Code of 1942. Nor does the record on file or the motion to reinstate show that the appeal from the interlocutory decree was granted by either member of this Court following any refusal thereof by the chancellor, as provided for by Section 1148, Code of 1942.

 It is further contended in the motion to reinstate the cause that the case has never yet been placed on the docket of this Court for hearing and submission, and that, therefore, the motion to dismiss the appeal should not have been entertained in advance of the case being set on the docket for hearing. But without an appeal being granted by the Chancellor who entered the interlocutory decree, or by any member of this Court after the refusal of the chancellor to do so, this Court would be without jurisdiction of an appeal from said interlocutory order; and this is a question which the Supreme

Court should raise on its own motion when its attention is called to the fact that the appeal was not authorized. Ward v. Whitfield, 64 Miss. 754, 2 So. 493; Talbot and Higgins Lumber Co. v. McLeod Lumber Co., 113 Miss. 435; American Cotton Oil Co. v. La Valle House, 148 Miss. 259, 114 So. 321. There was, therefore, no error in the court's action in entertaining the motion to dismiss in advance of the case being set on the docket for hearing and submission and there was no error committed in sustaining the motion to dismiss at the time we passed upon the same on October 5, 1953.

However, in view of the affidavit of counsel for the appellant to the effect that he did not receive a copy of the motion to dismiss and the brief thereon, we have concluded to set aside the order which dismissed the appeal and to consider the motion in that behalf as still pending, and with the right granted unto the appellant's counsel to file within fifteen days from this date a brief in reply to that of the appellee on the motion to dismiss. Counsel for the appellee have advised the court that this course is agreeable to them in view of the fact that the counsel for the appellant has made affidavit that he did not receive a copy of the motion to dismiss and the brief thereon after the same was mailed on August 14, 1953.

It is therefore ordered by the consent of the parties that the judgment dismissing the appeal be set aside and that the motion and brief thereon to dismiss the appeal be deemed as still pending with leave to the appellant to reply to the same as hereinbefore stated.

Motion to set aside judgment of dismissal is sustained by agreement of the parties.

*Roberds, Lee, Holmes* and *Ethridge, JJ.*, concur.