## FREDERICK GREVE v. GEORGE W. McGEE.

### [45 South., 706.]

APPEAL. *Interlocutory decrees. Code* 1906, § 35.

A decree reforming the articles and dissolving a copartnership, appointing a master to state an account between the parties and a commissioner to sell the partnership property for division of the proceeds, but reserving jurisdiction for further decree on the coming in of reports, is interlocutory, and an appeal from it will be dismissed, if not allowed by the chancellor under Code 1906, § 35, authorizing appeals from certain interlocutory decrees.

FROM the chancery court of Harrison county.

HON. THADDEUS A. WOOD, Chancellor.

McGee, appellee, was complainant and Greve, appellant, defendant, in the court below. From a decree adjudged to be interlocutory Greve appealed to the supreme court.

This suit was instituted to reform a written agreement under which the parties conducted a business as barbers, for the dissolution of the partnership existing between them and for a sale for division of the proceeds of certain personal property belonging to the partnership. The court below granted relief as prayed in the original bill and dissolved the partnership, referring the cause to a master for an accounting and report as to profits received by either partner, and appointed a special commissioner to make sale of the personal property for division of the proceeds. The decree directed the master to report speedily his finding, and the commissioner was ordered to report his proceedings for confirmation of the sale in vacation. The chancellor did not grant an appeal to either party, but Greve at once prosecuted this appeal to the supreme court.

Code 1906, § 35, referred to in the opinion of the court is as follows:

"*Appeal from interlocutory order.* An appeal may be granted by the chancellor in term time, or in vacation, from any

interlocutory order or decree whereby money is required to be
paid, or the possession of property changed, or when he may
think proper in order to settle the principles of the cause, or to
avoid expense and delay; but such appeal shall be applied for
within ten days after the date of the order or decree complained
of; and bond shall be given and approved as in appeals from
a decree overruling a demurrer, and the chancellor shall deter-
mine whether the appeal shall operate as a supersedeas or not."

*Doty & Elmer,* for appellant.
*G. H. McMorrough,* for appellee.

MAYES, J., delivered the opinion of the court.

The decree here is an interlocutory decree. There was no
order of the court or made by the chancellor allowing an appeal,
as provided for in Code 1906, § 35.

The appeal is therefore dismissed, and the case remanded.