Moore *et al. v.* Stewart *et al.*

(In Banc.   Dec. 20, 1941.)

[5 So. (2d) 237.   No. 34756.]

**L. E. Oldham** and **C. A. Bratton**, both of Oxford, for appellants.

**J. W. T. Falkner** and **Jas. Stone & Sons**, all of Oxford, for appellees.

Argued orally by **C. A. Bratton**, for appellant, and by **Phil A. Stone**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Appellees filed petition for probate of a writing as the holographic will of Miss Maggie Thompson. Appellants sought to test by demurrer the sufficiency of the exhibited document as a will, and all parties accepting this procedure, the matter was heard and the demurrer overruled. An appeal was allowed to settle all the controlling principles involved in the cause. Code 1930, Sec. 14.

We are compelled to withhold our attention from the interesting questions involved for the reason that the appeal is not such as would settle all the controlling legal principles. See Lott v. Windham (Miss.), 4 So. (2d) 342, and cases cited. We are not free to assume that contestants are standing alone upon the demurrer, in view of the designation of the appeal as interlocutory.

In the opinion of the learned Chancellor overruling the demurrer it was held that the instrument was the valid holographic will of Miss Maggie Thompson. In view of the probability that the aspect and import of the instrument is susceptible of interpretation by extraneous testimony not yet adduced, and therefore involves a mixed question of law and fact, we cannot affirm or reverse the holding of the Chancellor, but must dismiss the appeal as improvidently prosecuted. We are not confronted with a case where a demurrer to a proffered document impossible of authentication has been sustained, nor with a case where contestants, having proceeded by demurrer, allow final decree to be taken thereon. Any adjudication upon the merits of the case would be at most merely advisory and tentative. We could only state, not "settle," all the controlling legal principles.

Appeal dismissed.