STATE HIGHWAY COMMISSION *v.* WOODWARD *et al.*

(In Banc.   Nov. 22, 1943.)

[15 So. (2d) 697.  No. 35471.]

**Greek L. Rice**, Attorney-General, by **Jefferson Davis**, Assistant Attorney-General, and **Green & Green** and **E. R. Holmes, Jr.**, all of Jackson, for appellant.

**Paul Moore**, of Calhoun City, and **W. I. Stone**, of Coffee-ville, for appellees.

**Griffith, J.**, delivered the opinion of the court.

Appellees, who were the complainants in the court below, exhibited their bill against appellant seeking cancellation of appellant's claim of title to a strip of land, said to contain approximately ten acres, so far as that claim affects appellees, who assert that they are the owners of an undivided half interest in said land. The bill alleges that the said half interest had been condemned by the Southern Railway Company for a right-of-way in 1912; that the railroad constructed and operated thereon had subsequently passed into the ownership of the Okolona, Houston & Calhoun City Railroad Company; that the latter company, in 1939, abandoned and ceased to operate the railroad, and that a party claiming in some way to be the successor in title of the railroad company had, on November 27, 1939, attempted to convey said strip of land to appellant, the State Highway Commission, and the bill concludes in its recital of the facts with the averment that the Highway Commission "does not operate a railroad but is using said land as a right of way for a state highway and did not acquire said right of way for railroad purposes." This is the only allegation in the bill as to what has been done by the Highway Commission, except that at another place in the bill it is alleged that the commission "has been in the possession of the land since the 27th day of November, 1939."

The theory of the bill is that when the railroad company abandoned its road and ceased to use the land for railroad purposes, the title reverted, freed of the easement, to the heirs at law of the 1912 owner, the bill averring that the complainants therein are the heirs. The Highway Commission answered, and, inter alia, after having set out that a state highway has been constructed upon the old railroad right-of-way, and fully the public use which is being made of the property by the commission, its answer further affirmatively averred that "all of these facts have been known to complainants for years

and complainants have made no effort heretofore during all of said time to stop the construction of said highway or to assert their rights in anywise, although complainants knew at the time the construction was started and have known ever since that a highway was being constructed thereover by the expenditure of large sums of public moneys.''

A demurrer was incorporated in the answer, and the contentions argued thereunder are: (1) That the exhibits to the bill show that in the condemnation of 1912 the railroad company obtained a title in fee and not a mere right-of-way easement. (2) That even if there was secured by the condemnation proceedings no more than an easement, there has been no abandonment thereof but only a change in the form of the public transportation, so that the property is still dedicated to a public use. And (3) that the complainants are now estopped from setting up any claim to the property.

There was a hearing on the demurrer and the court overruled it, holding that the first two contentions were not well taken, and as to the third, that the allegations of the bill were not sufficient to present that point. What the court would have said and would have held had the quoted affirmative averments in the answer upon the subject of estoppel been admitted or proved, we do not know. We do well see, however, that it is a material part of the case, and, if well proved, under such cases as Kelso v. Robinson, 172 Miss. 828, 161 So. 135, might determine the ultimate result aside from the contentions made under points (1) and (2).

The court nevertheless, on overruling the demurrer, allowed an interlocutory appeal ''to settle all the general controlling principles of the case.'' We have stated enough to disclose that upon the manifest face of the pleadings, the decree on the demurrer does not settle ''all the controlling principles involved in the cause,'' and unless such is the situation no interlocutory appeal is allowable, as we have repeatedly pointed out all the way

from Liberty Tr. Co: v. Planters' Bank, 155 Miss. 721, 725, 124 So. 341, down to the last officially reported case, Moore v. Stewart, 192 Miss. 158, 5 So. (2d) 237. In the latter case it was distinctly held that an interlocutory appeal will not be entertained from a decree upon a demurrer when the record shows that appellant is not standing alone on what was or could be raised and determined by the demurrer. Here, unless the demurrant could make of his demurrer a speaking demurrer, using facts which sufficiently appear only in the answer, which cannot be done, the material issue of estoppel cannot now be settled; wherefore it is simply another case which should have been developed on all the facts pertinent to the final determination of the issues presented by or inherent in the pleadings and a final decree entered, when and for the first time an appeal would be proper and allowable— instead of sending up here a piecemeal appeal.

Appeal dismissed.