TRUMAN *v.* HUMBLE OIL & REFINING CO., et al.

May 10, 1954

No. 39233          64 Adv. S. 73          72 So. 2d 218

*Chas. F. Engle, R. L. Netterville,* Natchez, for appellant.

*Henry & Barbour,* Yazoo City; *Carl Chadwick,* Natchez; *Barnett, Jones & Montgomery,* Jackson, for appellees.

218

APPELLANT IN REPLY.

ROBERDS, P. J.

On July 2, 1953, the Chancery Court of Adams County, Mississippi, granted a decree enjoining Livura Kelly Truman, the appellant, from proceeding in the courts of Arkansas, or elsewhere, except in the pending cause in Adams County, to have determined the legality of her marriage to Harrison Truman and her right to assert a claim to the property here in controversy as the heir of Harrison Truman, who departed this life intestate March 20, 1941.

The motion of appellant to dissolve that injunction was overruled. The chancellor granted an interlocutory appeal to this Court from that action on the theory that such appeal would settle all of the controlling principles involved in the cause pending in the Chancery Court of Adams County.

Motion has been filed here to dismiss the appeal to this Court on the asserted ground that the appeal does not involve, and the decision of this Court will not settle, the controlling principles of the pending cause in Adams County.

The motion is grounded in this state of circumstances: On August 10, 1949, Livura Kelly Truman, the appellant, and Essie Mae Truman Barr, both nonresidents of Mississippi, filed a bill in the Chancery Court of Adams County against Tom F. Head and a number of other

defendants, in which complainants asserted that Livura Kelly Truman was the wife and Essie Mae Truman Barr was the acknowledged illegitimate child, and the two were the only heirs-at-law of, Harrison Truman, deceased, and, as such heirs, were the owners of an undivided one-fourth interest in 161.75 specifically described acres of land located in Adams County, Mississippi. The interest of Essie Mae Barr, it was asserted, depended upon whether the court should adjudicate her the acknowledged illegitimate child of Harrison Truman. If not, then Livura alleged she herself was the owner of the entire one-fourth undivided interest. The bill deraigned a one-fourth interest in the land into Harrison Truman, and which he owned at the time of his death. The bill then charges that defendant Head, in December 1947, through misrepresentation, deception and fraud, obtained from complainants deeds to their one-fourth interest in said lands; that subsequently Head and his grantees made conveyances to the other defendants, who were either parties to the fraud, or had notice thereof; that certain defendants had taken charge of the land and used it, and that oil had been produced therefrom in large quantities, and that complainants were entitled to have the deeds to Head and all subsequent conveyances set aside as clouds upon their titles to said one-fourth interest, and for an accounting for rents and their share of all oil which had been produced from said lands. They prayed for (1) a receiver; (2) for an accounting; (3) for injunctive protection; (4) that the deeds to Head and all subsequent conveyances be cancelled as clouds upon their interest; (5) that complainants be adjudicated to be the owners of a one-fourth undivided interest in said lands; or (6) if the court should hold that Essie Mae Truman Barr had no interest therein, then that Livura Kelly Truman be adjudicated to be the owner of said one-fourth undivided interest.

Livura Kelly Truman, by amendment to her bill, reasserted the charge of fraud by Head and those claiming through him, going more into detail than she did in her original bill as to the acts of fraud, and asserted that her deed to Head should be set aside for those reasons, and, further, because the consideration paid her for her deed was entirely inadequate. She asserted oil had been discovered upon the land, the proceeds of which had been received by certain of defendants, and again prayed for cancellation of her deed, for an accounting, etc.

The defendants to that bill answered, denying misrepresentation and fraud, asserted the validity of the deeds executed to Head by complainants; that defendants were innocent of any wrong in the procurement of the deeds; that the statute of limitations had run against complainants, that they were barred from challenging the validity of the deed; and that the defendants were the owners, in the respective interests set out, of the said one-fourth interest claimed by complainants.

Thereupon, Beulah Truman Winters and Eliza Truman Ross intervened in the suit, claiming that Livura Kelly Truman was not the lawful wife of Harrison Truman at the time of his death, and asserting that they were sisters of the half-blood of Harrison Truman and that they inherited his one-fourth interest in the land.

On August 22, 1951, Peter Vaughn, Jr., and six others, intervened in the cause, denying that Livura Kelly Truman was the wife and heir of Harrison Truman, but asserted that Peter Vaughn, Sr. was the next of kin and the heir of Harrison Truman; that Peter Vaughn, Sr. had departed this life intestate, and intervenors were his children and only heirs, and, as such, the owners of said one-fourth interest in the land.

Livura Kelly Truman took issue upon the facts asserted by Winters and Ross and the Peter Vaughn, Sr. group.

After all pleadings had been filed and a number of hearings had on the merits, including the testimony on behalf of the claim of Livura Kelly Truman, she, Livura, in June 1953, filed a petition in the Chancery Court of Phillips County, Arkansas, asking that court to enter a declaratory judgment finding that Livura Kelly Truman was the lawful wife and only heir-at-law of Harrison Truman at the time of his death. She did not make parties to this petition any of the defendants to her original or amended bill. She named as defendants Fred Tillman, Elizabeth Truman Ross and Beulah Truman Winters. When this Arkansas proceeding came to the knowledge of the other parties to the Adams County Chancery proceedings, the chancellor of that County, upon proper motion, granted an injunction enjoining Livura from prosecuting her suit in Phillips County, Arkansas. He later denied a motion to dissolve that injunction, from which action this appeal was taken.

The granting in this cause of an injunction restraining prosecution of the Arkansas proceeding was an interlocutory decree. Section 1148, Miss. Code of 1942, authorizes the chancellor to grant an appeal from such decree in a case of this kind provided the appeal will ''settle all the controlling principles involved in the cause.'' This Court has repeatedly held that the appeal will not lie unless it will settle all of the controlling principles involved in the cause. Love v. Love, 158 Miss. 785, 131 So. 280; Stirling v. Whitney National Bank, 170 Miss. 674, 150 So. 654; State Highway Commission v. Woodward, 195 Miss. 392, 15 So. 2d 697; Lee v. Magnolia Bank, 207 Miss. 327, 42 So. 2d 229. This appeal does not do that. Indeed, the only questions involved on this appeal are whether the Chancery Court of Adams County had the power to restrain Livura Kelly Truman from prosecuting her suit in Arkansas, and, if it had the power, whether this was a proper case for its exercise. None of the other several questions involved in the Adams County

proceedings—that is, whether (1) Livura Kelly Truman and Essie Mae Truman Barr were the heirs of Harrison Truman; and, if not, who his heirs were; (2) whether the deeds complainants executed to Head were valid instruments; (3) whether the other defendants acquired an interest in the property even though the deed should be invalid as between the parties thereto; (4) whether complainants were entitled to a receiver; and (5) whether the statute of limitations and laches had affected the rights of complainants—are involved on this appeal, either as questions of fact or the legal principles applying to them. Therefore, the motion to dismiss the appeal is sustained.

Motion to dismiss appeal sustained.

*Lee, Arrington, Ethridge* and *Gillespie, JJ.*, concur.