HALL *v.* MERCHANTS & FARMERS BANK.

No. 39645          January 24, 1955          77 So. 2d 310

*J. A. Covington, Jr., M. V. B. Miller, J. C. Floyd,* Meridian, for appellee.

814

*deQuincy V. Sutton,* Meridian, for appellant.

Etheridge, J.

This motion raises the issue of whether the appeal is premature. On June 11, 1954, appellant M. H. Hall filed with the Chancery Clerk of Lauderdale County a statement of intention to perpetuate the testimony of certain witnesses for purposes of a proposed suit for damages against appellee, Merchants and Farmers Bank of Meridian. Code of 1942, Secs. 1714-1724. This statement requested that process be served on the named witnesses for a hearing before a Commissioner on June 23, 1954. By agreement of the parties on that date, the matter was passed until June 26, and at that time the

appointed Commissioner set this matter for hearing on July 19.

On June 26 the Bank filed a bill of complaint in the Chancery Court of Lauderdale County against Hall. The bill charged that the statement for perpetuation of testimony did not meet the requirements of the statute and was void for numerous assigned reasons, and that defendant proposed to make an unlawful use of the procedure for perpetuation of testimony, for which complainant had no remedy other than in equity. Hence the bill prayed for a temporary writ of injunction restraining defendant from "the further prosecution of the proceedings referred to" and after final hearing for a perpetual injunction. On July 6 Hall filed an answer denying the averments of the bill, and by cross bill, Hall asked for an injunction restraining the Bank from interfering with and revealing his financial affairs, for the appointment of a receiver for the Bank, and for discovery.

On July 6 the court after a hearing issued a temporary injunction restraining defendant from taking the testimony. The Bank made a $5,000 bond as required by that injunction decree. On August 27 Hall filed a motion to dissolve the temporary injunction, which was overruled on August 31, 1954. Hall obtained no permission from the chancery court, or from a Judge of this Court, to take an interlocutory appeal from the decree of August 31, as required by Code Sec. 1148. However, he filed with the chancery clerk a petition for appeal, prepaid costs of the transcript, and made a cash deposit of $100 with the clerk under Code Sec. 1162.

Appellee's motion to dismiss this appeal asserts that the decree of August 31 overruling appellant's motion to dissolve the temporary injunction was an interlocutory decree, not a final one, and that it was not appealable without permission of the chancery court. On the other hand, appellant argues that although the decree was interlocutory in form, in fact it was a final decree, since

the hearing for perpetuation of testimony was to take place on July 19, and that date had passed without the perpetuation proceedings being held, since the temporary injunction forbade them.

■■ ■ It is well-established that a decree overruling a motion to dissolve a temporary injunction is interlocutory, and that in order for an appeal to be taken from such decree, the chancellor, or if he refuses, a Judge of this Court must first allow the same. Griffith, Miss. Chancery Practice (2d Ed. 1950) Sec. 684, p. 760, discusses interlocutory orders from which no appeal lies, and among them lists decrees ''ordering the issuance of a temporary injunction,—in which case the only way to obtain an interlocutory appeal is to move to dissolve, and if the motion be overruled then to appeal from that action, if the chancellor or a supreme court judge will allow the appeal.'' Alexander v. Woods, 103 Miss. 875, 60 So. 1017 (1913).

Code Sec. 1148 allows appeals from interlocutory orders or decrees under very limited circumstances: where the court thinks an appeal proper to settle all the controlling principles involved in the cause, or in exceptional cases to avoid expense and delay. Such appeal must be allowed either by the chancellor, or if refused by him, by a Judge of this Court, and must be applied for and bond given within thirty days. Here no such permission to appeal from this interlocutory decree has been granted. Nor would an appeal from it settle all of the controlling principles involved in the cause. Moreover, at the time the decree of August 31 was entered there was pending the answer and cross bill of Hall. The cross-defendant had not then filed its answer to the cross bill. These pleadings on the merits were awaiting the next regular term of the chancery court for a hearing on the merits.

Nor can we agree with appellant's contention that in fact the decree is a final one. For reasons already

stated, it was purely interlocutory in nature. The trial court has not decided the case on the merits. The mere fact that the date had passed which was set for the hearing of the perpetuation of testimony proceedings would not affect appellant's right later to set another date for taking testimony in such matter, if appellant obtains a favorable decree by the trial court permitting the same. Hence this appeal is premature and must be dismissed.

Motion of appellee to dismiss appeal sustained.

*Roberds, P. J.,* and *Hall, Lee* and *Holmes, JJ.,* concur.