FARRAR, et al. *v.* PHARES, et al.

No. 40537 January 6, 1958 99 So. 2d 594

*Maxwell Bramlette,* Woodville; *Brandon, Brandon, Hornsby & Handy,* Natchez; *Henley, Jones & Henley,* Jackson, for appellants.

*Tucker & Baine,* Woodville, for appellees.

ROBERDS, P. J.

The parties hereto own lands in adjoining sections. The dividing line between their lands is the line between the two sections. The object of this litigation was, and is, to establish that line on the ground. After extensive hearings the chancellor found, and adjudicated, under the proof that the line had not been established. He then appointed a surveyor and directed and authorized him to go upon the ground and make a survey to establish the true line and report back to the court his findings and conclusions for approval, disapproval or modification by the chancery court. From that decree, this appeal was taken. The appeal should and will be dismissed for these reasons:

The appeal is interlocutory. The original problem was the establishment of the true dividing line. That is still the problem. Appointment of the surveyor was a simple method to aid the court in determining the question in the case. An appeal from an interlocutory decree must be granted by the chancellor or by a member of this Court. Section 1148, Miss. Code 1942; Greve v. McGee, 92 Miss. 190, 45 So. 706; International Shoe Company v. Wittman, 173 Miss. 861, 163 So. 542; In re Hollensbee's Estate v. First National Bank of Jackson, Miss., 218 Miss. 700, 67 So. 2d 389, also 67 So. 2d 709. This appeal was not granted by the chancellor or by any member of this Court.

As indicated above, the appeal here, although interlocutory, would not settle all of the controlling principles

of the case, which is the applicable ground, if any, justifying the granting of the appeal in this case under the provisions of said Section 1148.. Location of the dividing line is the problem now just as it was when the suit was filed. When the appointed surveyor completes his survey and makes his report, one or both of the parties, very likely, will contest the action of the chancellor on the report, and appeal from whatever action is taken. Truman v. Humble Oil and Refining Company, 221 Miss. 215, 72 So. 2d 218; State Highway Commission v. Woodward, et al., 195 Miss. 392, 15 So. 2d 697; Cochran v. Cochran, 221 Miss. 780, 74 So. 2d 841.

■■ Whether the appeal will lie from an interlocutory decree is a question this Court should raise of its own motion. It involves jurisdiction. Gilleylen v. Martin, 73 Miss. 695, 19 So. 482, and In re Hollensbee's Estate v. First National Bank of Jackson, Miss. supra; Smith v. Smith, et al., 221 Miss. 180, 72 So. 2d 230; Hall v. Merchants & Farmers Bank, 222 Miss. 813, 77 So. 2d 310; Coats v. Coats, 227 Miss. 264, 86 So. 2d 4.

■■ And, lastly, Section 1148 requires that an interlocutory appeal "* * * must be applied for and bond given within thirty days after the order or decree appealed from is filed in the proper office * * *" Apparently these requirements were not complied with. While the date of the filing of the final decree is not shown by the court, the decree is dated July 17, 1956. The record contains no application for an appeal to this Court, but the bond for such an appeal was filed August 30, 1956.

■■ The appeal is dismissed and the cause remanded to the Chancery Court of Wilkinson County for further proceedings.

Reversed and remanded.

*Kyle, Arrington, Ethridge* and *Gillespie, JJ.,* concur.