Robert L. Cotton sued Veterans Cab Company and its driver Frank L. Taylor for personal injuries sustained in an automobile accident. At the conclusion of the case the court entered judgment for Veterans Cab Company, Inc., and provided in the judgment that a mistrial was declared as to the part of the case between Cotton and Taylor. Cotton gave notice of appeal and filed an appeal bond designating Veterans Cab Company, Inc. as the appellee. The bond *Page 731 
also recited that the judgment in favor of Veterans Cab Company was a final judgment and recited "that the same judgment declared a mistrial of said cause as between plaintiff and defendant Frank L. Taylor."
Appeals to the Supreme Court from the circuit court lie only from a final judgment. Mississippi Code Annotated § 11-51-3
(1972) provides in part as follows: "An appeal may be taken to the supreme court from any final judgment of a circuit court in a civil case . . .". This Court has repeatedly held that there is no interlocutory appeal from a judgment of a circuit court except where the sole ground of an order for a new trial is the excessiveness or inadequacy of damages. See Miss. Code Ann. §11-7-213 (1972). Bradley v. Holmes, 242 Miss. 247,134 So.2d 494 (1961) was a case precisely in the same status as the one now before the Court. We held that an appeal is not a matter of right but must fall within statutory provisions and that the basic requirement is that the appeal must be from a final judgment; and a judgment is not final which settles the cause as to a part only of the defendants. In sum, the judgment is final only when it settles all issues as to all parties.
The statutory scheme is designed to prevent the splitting of appeals. The Court of its own motion takes note of its lack of jurisdiction. Farrar v. Phares, 232 Miss. 391, 99 So.2d 594
(1958). The appeal is dismissed.
APPEAL DISMISSED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.