# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00862-SCT

*PHILISIA BANKS; ROSIE BATES; GLENDA COLLINS; KING FOUNTAIN; OTHA FRAZIER; MELVASTEEN FRAZIER; ALBERTA HUDSON; DIANE ROGERS; LAURA A. WILLIAMS; JERRY WILLIAMS; PAULEAN YOUNG; PRENTISS YOUNG; WILMA YOUNG; HENRY DIXON; AND VANESSA JONES*

*v.*

*CITY FINANCE COMPANY d/b/a WASHINGTON MUTUAL FINANCE; WASHINGTON MUTUAL FINANCE GROUP, LLC f/k/a CITY FINANCE COMPANY; WASHINGTON MUTUAL, INC.; UNION SECURITY LIFE INSURANCE COMPANY; AMERICAN SECURITY INSURANCE COMPANY; AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA; AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA; MARTHA FRAZIER; CHRISTYNE HAMMOND; ELAINE McWILLIAMS; DOLLY ANDREWS; AND RICHARD CHERRY*

| | |
|---|---|
| DATE OF JUDGMENT: | 4/23/2001 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | ROBERT B. OGLETREE |
| | CHRISTOPHER WAYNE COFER |
| ATTORNEYS FOR APPELLEES: | JESS H. DICKINSON |
| | JOHNNY L. NELMS |
| | KATHARINE MALLEY SAMSON |
| | ROY H. LIDDELL |
| | WALTER D. WILLSON |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | APPEAL DISMISSED - 09/05/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/26/2002 |

**BEFORE SMITH, P.J., CARLSON AND GRAVES, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1. Plaintiffs in this case appeal from the circuit court's order compelling arbitration of all claims asserted in their action pursuant to the terms of the arbitration agreements and the FAA. Finding that the circuit court's order is not an appealable final judgment, we dismiss this appeal for lack of appellate jurisdiction.

## FACTS AND PROCEEDINGS BELOW

¶2. On September 19, 2000, Philisia Banks, Rosie Bates, Glenda Collins, Henry Dixon, King Fountain, Otha Frazier, Melvasteen Frazier, Alberta Houston, Vanessa Jones, Diane Rogers, Laura A. Williams, Jerry Williams, Paulean Young, Prentiss Young and Wilma Young ("Plaintiffs") filed an action in the Circuit Court of Holmes County against several finance and insurance companies and their employees alleging, among numerous other claims, that arbitration agreements were included in the loan packages sold to the Plaintiffs in order to deprive the Plaintiffs of their right to their day in court.

¶3. The Alternative Dispute Resolution Agreements, signed by each plaintiff, were standard documents presented in one of three forms. Each form was set in large type on a separate sheet of paper and was titled "Alternative Dispute Resolution Agreement." Directly above the signature line, the borrower was cautioned not to sign the agreement and to seek legal advice if they did not understand the document. Each agreement stated the arbitration process would be governed by the Federal Arbitration Act ("FAA") and the lender would be responsible for most of the costs of arbitration.

¶4. The Plaintiffs' complaint alleged eleven different counts for which compensatory and punitive damages were sought for each plaintiff: (1) fraudulent misrepresentations and/or omissions, (2) fraud, (3) constructive fraud, (4) civil conspiracy, (5) unconscionability, (6) violation of the Unfair or Deceptive Acts and Practices Act, (7) fraudulent concealment and deceit, (8) breach of fiduciary duty, (9) breach of implied covenants of good faith and fair dealing, (10) continuing fraud and (11) tortious interference with the right to trial by jury under the Mississippi Constitution.

¶5. According to the order, the trial judge found the Plaintiffs voluntarily entered into the arbitration agreements, the arbitration agreements were enforceable under Mississippi and Federal law, the arbitration agreements were not procedurally or substantively unconscionable and there was no fraud in securing the arbitration agreements. Upon her findings, the trial judge ordered all matters to be arbitrated pursuant to the terms of the arbitration agreement. The order did not state that the case was dismissed on the merits, nor did it grant a stay pending the arbitration of the claims. The trial court did make findings as to the voluntariness of the parties, the applicable law and the conscionability of the agreements, but the trial court did not address all counts raised in the complaint such as the duty owed to the Plaintiffs by the City Finance, Union Security or their employees.

¶6. On February 16, 2001, the City Finance Company d/b/a Washington Mutual Finance Group, LLC ("City Finance") filed a Motion to Compel Arbitration. Union Security Life Insurance Company, American Security Insurance Company, American Bankers Insurance Company of Florida and American Bankers Assurance Company of Florida ("Union Security") filed a separate answer also asking the circuit court to dismiss the action so that the claims could be submitted to arbitration. Plaintiffs opposed these motions by affidavits stating the affiants were rushed through the loan process, the affiants could not afford arbitration costs, the affiants did not know what arbitration meant and the affiants did not voluntarily waive their right to a jury trial. Along with their affidavits, the Plaintiffs filed their Demand for Jury Trial, Response to Motion to

Compel Arbitration and Motion for Discovery.

¶7. The trial court heard the motion to compel arbitration on April 23, 2001, and ruled the arbitration agreements were valid and enforceable. On May 1, 2001, the trial court ordered that the Plaintiffs proceed to arbitration of all claims asserted in their action. Following the court's order, the Plaintiffs timely filed their notice of appeal. They raise the following four issues before us:

> **I. WHETHER THE CIRCUIT COURT ERRED IN GRANTING DEFENDANTS' MOTION TO ENFORCE ARBITRATION AGREEMENTS WHICH WERE PROCURED BY FRAUD AND ARE UNCONSCIONABLE.**
>
> **II. WHETHER THE CIRCUIT COURT ERRED IN DENYING PLAINTIFFS' RIGHTS TO A TRIAL BY JURY EVEN THOUGH THERE EXISTED NUMEROUS MATERIAL AND FACTUAL ISSUES IN DISPUTE.**
>
> **III. WHETHER THE CIRCUIT COURT ERRED IN DENYING PLAINTIFFS THEIR RIGHT TO CONDUCT DISCOVERY IN THIS ACTION IN ORDER TO PRESENT EVIDENCE IN DEFENSE TO THE ARBITRATION AGREEMENT.**
>
> **IV. WHETHER THE CIRCUIT COURT ERRED IN GRANTING THE DEFENDANTS' MOTION TO ENFORCE ARBITRATION SINCE THE ARBITRATION AGREEMENTS ARE INAPPLICABLE PURSUANT TO MISS. CODE ANN. § 83-53-15 AND FAA IS REVERSE PREEMPTED BY THE McCARRAN-FERGUSON ACT.**

City Finance and Union Security also raise the following issue:

> **V. WHETHER PLAINTIFFS HAVE APPEALED FROM A NON-APPEALABLE ORDER.**

### DISCUSSION

¶8. The Fifth Circuit has held a district court's grant of a motion to compel arbitration should be reviewed de novo. *OPE Intern'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445 (5th Cir. 2001) (citing *Local 1351 Int'l Longshoremens Ass'n v. Sea-Land Serv., Inc.*, 214 F.3d 566, 569 (5th Cir.2000)). *See also PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 459 (5th Cir. 2001); *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1065 (5th Cir.1998).

> **V. WHETHER PLAINTIFFS HAVE APPEALED FROM A NON-APPEALABLE ORDER.**

¶9. Although Plaintiffs do not raise this issue, this Court must first address whether the May 1, 2001, order is a final judgment appealable under Miss. Code Ann. § 11-51-3 (Supp. 2001). This Court's jurisdiction is expressly set forth in section 11-51-3 as proper only from a "final judgment."

> As noted in *Bradley v. Holmes*, 242 Miss. 247, 134 So.2d 494 (1961), an appeal is not a matter of right but is subject to the statutory provisions, and the basic requirement is that appeals are proper only if from a final judgment. *See also Perkins v. Thompson*, 127 Miss. 864, 90 So. 710 (1921). There can be no valid appeal until there has been a judgment disposing of the case.... A final judgment has been defined by this Court as a judgment adjudicating the merits of the controversy which settles

all the issues as to all the parties. ***Hindman v. Bridges***, 185 So.2d 922 (Miss.1966); ***Cotton v. Veterans Cab Co., Inc.***, 344 So.2d 730 (Miss.1977).

***Sanford v. Board of Supervisors,*** 421 So. 2d 488, 490-91 (Miss. 1982). As defined by M.R.C.P. 54, a judgment includes a "final decree and any order from which an appeal lies."

¶10. Section 16 of the Federal Arbitration Act ("FAA"), enacted in 1988, governs appellate review of arbitration orders. 9 U.S.C. § 16 (1999). The section provides:

(a) An appeal may be taken from-

(1) an order-

(A) refusing a stay of any action under section 3 of this title,

(B) denying a petition under section 4 of this title to order arbitration to proceed,

(C) denying an application under section 206 of this title to compel arbitration,

(D) confirming or denying confirmation of an award or partial award, or

(E) modifying, correcting, or vacating an award;

(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

(3) a final decision with respect to an arbitration that is subject to this title.

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order--

(1) granting a stay of any action under section 3 of this title;

(2) directing arbitration to proceed under section 4 of this title;

(3) compelling arbitration under section 206 of this title; or

(4) refusing to enjoin an arbitration that is subject to this title.

"The Federal Arbitration Act prohibits appeals from *interlocutory* orders compelling arbitration, but permits appeals from *final* orders compelling arbitration." ***Sphere Drake Ins. PLC v. Marine Towing, Inc.***, 16 F.3d 666, 667-68 (5th Cir. 1994) (emphasis added). *See* 9 U.S.C. § 16. An order is considered final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945).

¶11. The trial court's order compelling arbitration, if interlocutory, clearly falls under § 16(b), which prohibits appeals from orders "compelling arbitration under section 206 of this title". 9 U.S.C. § 16 (b)(3). But if the order is considered a final decision, § 16(a)(3) allows appeal. Therefore, at issue is whether the order is interlocutory or final.

¶12. The Plaintiffs argue the matter is properly before this Court because the May 1st Order settled all

issues of the matter concerning these Plaintiffs and there is nothing left for the lower court to do but to execute the judgment; therefore, the order should be considered final and thus, appealable. The Plaintiffs cite *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) as compelling authority regarding this issue.

¶13. In *Green Tree*, the plaintiff filed suit alleging Truth in Lending and Equal Credit Opportunity violations. 531 U.S. at 83. In response to the suit, the defendant filed a motion to compel arbitration, to stay the action, or in the alternative, to dismiss. *Id.* The district court granted the motion to compel arbitration, denied all other motions and dismissed the plaintiff's claims with prejudice. *Id.* The Eleventh Circuit reversed the decision, and the Supreme Court granted certiorari. *Id.* at 84.

¶14. The Supreme Court addressed "whether an order compelling arbitration and dismissing a party's underlying claims is a 'final decision with respect to an arbitration' within the meaning of § 16(a)(3) of the Federal Arbitration Act, 9 U.S.C. § 16(a)(3), and thus is immediately appealable pursuant to that Act." *Id.* at 82. A final order "ends a decision on its merits and leaves nothing more for the trial court to do but execute the judgment." *Id.* at 86 (citing *Digital Equip. Corp. v. Desktop Direct, Inc*., 511 U.S. 863, 867, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994), and *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (both quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945))). *See also St. Louis, I.M. & S.Ry. v. Southern Exp. Co.*, 108 U.S. 24, 28-29, 2 S.Ct. 6, 27 L.Ed. 638 (1883)."The District Court's order directed that the dispute be resolved by arbitration and dismissed respondent's claims with prejudice, leaving the court nothing to do but execute the judgment. That order plainly disposed of the entire case on the merits and left no part of it pending before the court." 531 U.S. at 36. The Supreme Court concluded that where a district court compels arbitration and dismisses the claims before it, the decision is final and therefore appealable pursuant to § 16(a)(3). *Id.* at 89.

¶15. The Supreme Court also stated the plain language of § 16(a)(3) did not "suggest that Congress intended to incorporate the rather complex independent/embedded distinction, and its consequences for finality, into [the statute.]" *Id.* at 88-89. In a recent decision, the Fifth Circuit has stated "[n]o longer is it necessary to conduct an analysis of whether a lawsuit is an 'independent' action, brought solely to enforce arbitration rights, or an action in which the request to arbitrate is 'embedded' in a case that also raises substantive legal claims." *American Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 707 (5th Cir. 2002) (citing *Green Tree*, 531 U.S. at 88).

¶16. City Finance argues this appeal is not properly before this Court because the May 1st order does not finally dispose of the Plaintiff's claims. City Finance argues an order compelling arbitration is not appealable under either Miss. Code Ann. § 11-15-141 (Supp. 2002) or 9 U.S.C. § 16.

¶17. City Finance correctly distinguishes *Green Tree* from the facts of the case sub judice. City Finance states in *Green Tree,* the Plaintiffs' claims were dismissed with prejudice, thus ending the suit in the district court. 531 U.S. at 83. In the case sub judice, the order which compelled arbitration did not dismiss the claims nor end the lawsuit. City Finance asks this Court to dismiss this appeal and hold the order compelling arbitration is a non-appealable order.

¶18. Union Security also argues this appeal is not properly before this Court. Union Security states this appeal is an improper interlocutory appeal from a non-final order. Union Security argues the fact that the May 1st Order to compel arbitration did not dismiss the claims of the Plaintiffs' is fatal to the Plaintiffs'

argument that their appeal is proper. Union Security also states the remaining plaintiffs from the original suit, who were not compelled to arbitrate their claims, are scheduled to begin trial on September 27, 2002.

¶19. Union Security first argues, because the order is an interlocutory appeal and not a final judgment, M.R.A.P. 5 is applicable. Union Security argues because Plaintiffs have not complied with the rule procedurally, this Court is without jurisdiction to review the Plaintiffs' appeal.

¶20. Next Union Security argues, even if this Court chooses to review the appeal, the appeal is barred by the FAA. Because the order directed the Plaintiffs to proceed to arbitration, Union Security argues it is a non-appealable interlocutory order under § 16(b)(2).

¶21. Union Security, like City Finance, properly contends the Plaintiffs misstate the applicable holding in *Green Tree*. Unlike the order in *Green Tree*, the order in the case sub judice did not end the litigation on its merits by dismissing the plaintiffs' claims.

¶22. Union Security also asks that this Court dismiss this appeal. To further illustrate their argument that this Court should dismiss the appeal for lack of jurisdiction over interlocutory orders, Union Security cites *Jeske v. Brooks,* 875 F.2d 71 (4th Cir. 1989) and *Purdy v. Monex Int'l Ltd.,* 867 F. 2d 1521 (5th Cir. 1989).

¶23. In *Jeske*, an investor filed several federal and state claims against his broker. 875 F. 2d 72. The district court compelled arbitration of the state claims but did not order arbitration of the federal claims. *Id.* at 73. The Fourth Circuit dismissed the appeal challenging the order to compel arbitration after Congress amended the FAA, 9 U.S.C. §§ 1 *et seq. Id.* at 73-74. The Fourth Circuit held:

> The amendment makes clear that we have jurisdiction to consider an appeal from an order refusing a stay pending arbitration or an order denying a motion to compel arbitration. However, we have no jurisdiction, absent certain exceptions not applicable here, to review an interlocutory order compelling arbitration or granting a stay pending arbitration.

*Id.* at 73.

¶24. In *Purdy*, the plaintiffs filed claims in the federal and state courts against the defendants. 867 F.2d 1522. The district court ordered a stay of the federal action pending arbitration and ordered the parties arbitrate their dispute according to their contract. *Id.* at 1523. The Fifth Circuit dismissed the appeal for want of jurisdiction. *Id.* "The [FAA] provides that appeals may not be taken from interlocutory district court orders that favor arbitration over litigation, although orders with the contrary result may be appealed." *Id. See also Jolley v. Paine Webber Jackson & Curtis, Inc*., 864 F.2d 402 (5th Cir.), *supplemented*, 867 F.2d 891 (5th Cir. 1989) (orders granting stays or compelling arbitration are interlocutory and not appealable). The court ruled the district court's stay was interlocutory, and the Fifth Circuit had no jurisdiction over the appeal. *Id.* at 1523.

¶25. In light of the above case authority, this Court agrees the case sub judice is distinguishable from *Green Tree*. Although the order compelled arbitration for all claims asserted, the order did not dismiss the action on its merits, nor did it order a stay of litigation. Since the U.S. Supreme Court has recently held it is no longer necessary to distinguish between an independent proceeding and an embedded proceeding, this Court's analysis may end here. Because the order of the trial court simply compelled arbitration, but did not dismiss the claims or end the litigation on the merits, it must be treated as interlocutory and not as final. This

Court does not have jurisdiction to review appeals of interlocutory orders which compel arbitration.

## CONCLUSION

¶26. After a thorough review of the record and the applicable case law, the May 1st order is not a final order, but an interlocutory order. We conclude this matter is not properly before this Court; and therefore, we dismiss this appeal for lack of appellate jurisdiction. Because this Court does not have jurisdiction to hear this appeal, the remaining issues will not be discussed. The holding of this Court does not bar the plaintiffs from raising these issues on appeal from a final judgment.

¶27. **APPEAL DISMISSED.**

 **PITTMAN, C.J., SMITH, P.J., WALLER, COBB, EASLEY AND GRAVES, JJ., CONCUR. DIAZ, J., DISSENTS WITH SEPARATE WRITTEN OPINION. McRAE, P.J., NOT PARTICIPATING.**

 **DIAZ, JUSTICE, DISSENTING:**

¶28. Less than two months ago this Court held that "a grant or denial of a motion to compel arbitration is reviewed de novo." *East Ford, Inc. v. Taylor,* 2002 WL 158430, at \*2 (Miss. 2002)(pending on motion for rehearing). Citing *Webb. v. Investacorp, Inc*., 89 F.3d 252, 256, (5th Cir. 1996), we asserted jurisdiction over a motion to compel arbitration and reiterated that "applicable contract defenses available under state contract law such as fraud, duress, and unconscionability may be asserted to invalidate the arbitration agreement without offending the Federal Arbitration Act." *Id*. We then affirmed the denial of the motion and remanded on the basis that the arbitration agreement in that case was procured unconscionably. *Id*. Today, however, the majority holds that we lack jurisdiction over such claims.

¶29. The majority relies on *Green Tree Fin. Corp-Ala. v. Randolph,* 531 U.S. 89, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) and *American Heritage Life Ins. Co. v. Orr,* 294 F.3d 702 (5th Cir. 2002) to deny jurisdiction, but ignores the most glaring propositions for which these cases stand. Consequently, Mississippi jurists and litigants are left with a perplexing message. I therefore dissent.

¶30. Our starting point is the order below, which reads as follows: *"* [*a*]*ll matters at issue in this case must. . . be arbitrated pursuant to the terms of the arbitration agreements*." (Emphasis added). Indeed, plaintiffs were ordered to arbitrate "*all claims*" they had asserted. (Emphasis added). We must now determine, therefore, whether this appeal is from an immediately appealable final judgment or a non-appealable interlocutory order.

¶31. The majority relies on *Green Tree* for the proposition that where plaintiffs' claims are dismissed with prejudice by a district court and plaintiffs are ordered to arbitrate any remaining claims, the judgment is considered final and therefore immediately appealable under the Federal Arbitration Act. *Green Tree,* 531 U.S. at 85, 121 S.Ct at 519. *Green Tree,* however, stands for much more than this rule alone. Indeed, the majority's attempt to distinguish *Green Tree* as inapplicable to the present case ignores the corpus of law upon which the *Green Tree* Court relied to both define and set forth as a standard the rule of finality for purposes of determining jurisdiction over grants or denials of motions to compel arbitration.

¶32. In setting forth the standard, the *Green Tree* Court emphasized that a "final decision" has a well-developed and longstanding meaning. It is a decision that "ends the litigation on the merits and leaves

nothing more for the court to do but execute the judgment." *Id.* at 85 (citing *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994), and *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (both quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)); *see also* **St. Louis, I.M. & S. Ry. v. Southern Exp. Co.**, 108 U.S. 24, 28-29, 2 S.Ct. 6, 27 L.Ed. 638 (1883). The **Green Tree** Court emphasized that "[b]ecause the FAA does not define 'a final decision with respect to an arbitration' or otherwise suggest that the ordinary meaning of 'final decision' should not apply, we accord the term its well-established meaning." 531 U.S. at 85 (citing *Evans v. United States*, 504 U.S. 255, 259-60, 112 S.Ct. 1881, 119 L.Ed.2d 57 (1992)). The Court stated that when an order plainly disposes of an entire case on the merits and leaves no part of it pending before the court, such an order constitutes a final judgment. "The FAA does permit parties to arbitration agreements to bring a separate proceeding in a district court to enter judgment on an arbitration award once it is made (or to vacate or modify it), but the existence of that remedy does not vitiate the finality of the District Court's resolution of the claims in the instant proceeding." *Id.* (citing 9 U.S.C. §§ 9, 10, 11).

¶33. Additionally, footnote two of **Green Tree** has garnered recognition in the law as an important guidepost, which is worth considering here. Where a district court enters a stay instead of a dismissal along with an order to arbitrate, such an order would not be appealable under 9 U.S.C. §16(b)(1). ***American Heritage Life Ins. Co. v. Orr***, 294 F.3d at 713 (Dennis, J., concurring).[1]

¶34. In the present case, defendants moved to compel arbitration and dismiss the claims or, in the alternative, to stay the litigation. The record does not reveal a grant or denial of either motion. The majority thus holds that this case is a non-appealable interlocutory order, although judgment was entered on plaintiffs' state law claims in favor of defendants and all remaining issues were ordered to arbitration.

¶35. In finding for defendants on the issue of jurisdiction, the majority cites **American Heritage** as a reminder that we are no longer bound to make distinctions between "independent" and "embedded" claims to determine our jurisdiction over denials or grants of motions to compel arbitration. **American Heritage,** 294 F.3d at 707. But the majority fails to cite **American Heritage** as the leading authority that also tells us the "final decision" analysis as set forth in **Green Tree** is to be our guide. *Id.* at 707. In the present case, although we deal with neither a stay nor a dismissal, we do deal with a "final decision" as is defined by both the **Green Tree** and **American Heritage** courts.

¶36. In **American Heritage**, the appellees made arguments similar to those of the defendants here. They argued that the court lacked jurisdiction because the district court, while compelling arbitration, did not "dismiss" the case. Rather, it ordered the case "closed." *Id.* The appellees relied on **Green Tree** to argue that a formal "dismissal" was required to provide appellate jurisdiction over the order. *Id.* The Fifth Circuit found that the appellees' attempt to distinguish the terms "'dismiss' and 'close' as they apply to disposition of a case" was an attempt "to thwart the Court's instruction in **Green Tree** to apply the well-established meaning of 'final decision.'" *Id.* The Court then found that regardless of the terminology employed, the district court had nothing more to do but execute the judgment. *Id.* at 708.

¶37. Much the same analysis is applicable here. Regardless of the fact that we neither deal with a stay nor dismissal, the circuit court has nothing left to do but supervise compliance with the order or to enforce an arbitration award. As such, "[t]here is nothing interlocutory about an order compelling arbitration that does all that the court has to do." *Id.* at 714 ( Dennis, J. concurring) (citing ***Clarendon Nat'l Ins. Co. v. Kings***

*Reinsurance Co.,* 241 F.3d 131 (2d Cir.2001)).

¶38. Under both *Green Tree* and *American Heritage,* we have jurisdiction over the merits of this appeal. Although defendants properly argue that, under the FAA, we would not have jurisdiction over an interlocutory appeal, the appeal now before us is not interlocutory. Indeed, it comes to us from of a final judgment, as defined by the final judgment rule. *Green Tree,* 531 U.S. at 85, 121 S.Ct. at 519; *American Heritage,* 294 F.3d 707. The circuit court, therefore, has but one remaining responsibility as to the plaintiffs here; and that is to execute judgment. This being the case, the circuit court's order constituted a "final decision" which is immediately appealable under the Federal Arbitration Act. *Id.*

¶39. On the merits, the record supports a finding of error in ordering arbitration. The issues on appeal regard the application of state law to determine the validity of the contracts and thus of the arbitration agreements therein. It should be recognized tht at the time the order was entered, the circuit court did not have the benefit of *East Ford's* clarity, although this would not prevent a finding of error. As clarified in *East Ford,* the applicable standards for determining both procedural and substantive unconscionability in the procurement of contracts and arbitration agreements are as follows:

Substantive unconscionability may be proven by showing an agreement to be oppressive.

Procedural unconscionability may be proven by showing any of the following:

(1) a lack of knowledge

(2) a lack of voluntariness

(3) inconspicuous print

(4) the use of complex legalistic language

(5) disparity in sophistication or bargaining power of the parties

(6) a lack of opportunity to study the contract and inquire about the contract terms.

¶40. After a hearing on the motion to compel arbitration below, and without allowing any discovery on the issue of unconscionability, the court found that the arbitration agreements were binding and therefore enforceable because (1) the agreements were in "plain language," (2) the agreements were "signed," and (3) even though "they did not have an opportunity to read the contract," the plaintiffs' affidavits did not indicate a lack of understanding, and (4) neither did those affidavits indicate that plaintiffs were precluded from intelligently comprehending the agreements as measured by their education levels.

¶41. The fact that an arbitration agreement is in "plain language" does not, in and of itself, prove it was bargained for at arms length. Likewise, the fact that an arbitration agreement is "signed" does not, in and of itself, prove that the agreement was bargained for at arms length. And interestingly, while the circuit court did note that the plaintiffs "did not have an opportunity to review the documents," it did not inquire as to whether the lack of such an opportunity barred the plaintiffs from comprehending the agreements, or to what extent, if any, the plaintiffs did or did not rely on the defendants' representations in relinquishing their legal right to have any future dispute settled in a court of law, pursuant to the strictures of due process, equality, and fairness. In fact, the plaintiffs stated that they were rushed through the loan process in less than

ten minutes and did not know what arbitration meant.

¶42. In addition, the court did not consider the knowledge or sophistication of the plaintiffs compared to the defendants nor the sufficiency of plaintiffs' opportunity to review the contract documents. The court did not consider the fact that the plaintiffs were not fully informed of the costs of arbitration although this issue was argued before the court. And importantly, the judge did not consider the fact that pursuant to the plain language of the arbitration agreement, the plaintiffs would be forced into arbitration to enforce any claims or remedies while defendants reserved the right to pursue their remedies in courts of law and equity. Instead, the plaintiffs were denied discovery on these issues and were ordered to arbitrate.

¶43. We have jurisdiction in this case. We should throughly consider the merits and determine whether the trial court erred in summarily sending these litigants to arbitration. Accordingly, I respectfully dissent.

1. If a defendant moves for dismissal under the FAA, an order granting that motion will be immediately appealable under *Green Tree*. However, if the defendant moves for a stay, an order granting that motion will not be immediately appealable under *Green Tree*.