COLEMAN, Justice,
for the Court:
¶ 1. M.E.V. is a minor child whose biological mother lives in Bolivar County and whose biological father lives in Texas. Pursuant to a petition alleging abuse and neglect filed by the Department of Human Services (DHS), the youth court removed M.E.V. from her mother’s custody. After several periodic reviews, the youth court judge issued a review order on July 20, 2011, giving legal and physical custody of the child to her biological father in Texas on a trial basis. The mother now attempts to appeal that review order. Because the review order does not constitute a final judgment, we dismiss the appeal.
FACTS
¶ 2. C.V. and A.E.M. had a child, M.E.V., during their marriage. They divorced in September 1998, and the dissolution of their marriage led to allegations of abuse and neglect and resulted in hearings and review orders that are not relevant to our decision today. The allegations, hearings, and orders culminated in a review hearing held July 20, 2011. As a result of C.V.’s willingness to create an adequate living situation for M.E.V. in Texas, the youth court awarded legal and physical custody to him on a trial basis. The court entered a review order on July 20, 2011, in which it explicitly stated that the court made the award of custody on a trial basis, that the youth court retained jurisdiction, and that DHS would review the placement in six months. A.E.M. appeals the July 20 review order.
ANALYSIS
¶ 3. Direct appeals of a lower court’s decision “lie only from a final judgment.” LaFontaine v. Holliday, 110 So.3d 785, 787 (¶ 8) (Miss.2013) (quoting Cotton v. Veterans Cab Co., Inc., 344 So.2d 730, 731 (Miss.1977)). Just like Mississippi Code Section 11-51-3, which governs appeals from circuit and chancery courts, Mississippi Code Section 43-21-651, which governs appeals from youth courts, con *407 templates appeals of final judgments only. See Miss.Code Ann. § 43-21-651 (Rev. 2009). “[A]n appeal is not a matter of right but is subject to the statutory provisions, and the basic requirement is that appeals are proper only if from a final judgment.” LaFontaine, 110 So.3d at 787 (¶ 8) (quoting Sanford v. Bd. of Supervisors, Covington County, 421 So.2d 488, 491 (Miss.1982)). Generally, a judgment is final “if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.” LaFontaine, 110 So.3d at 787 (¶ 8) (quoting Banks v. City Fin. Co., 825 So.2d 642, 645 (¶ 10) (Miss.2002) (overruled on other grounds)). Whether the parties raise the issue or not, we must determine whether the judgment before us is an appealable one. M.W.F. v. D.D.F., 926 So.2d 897, 899 (¶ 4) (Miss.2006).
¶ 4. The order on appeal granted legal and physical custody to C.V. on a trial basis only and pending the results of a home study. The youth court explicitly retained jurisdiction over the case and ordered DHS to review the placement in six months. In other words, the order fell well short of ending the litigation on the merits and leaving nothing for the youth court to do but execute a judgment. Accordingly, we dismiss the instant appeal, with costs taxed to the appellant.
¶ 5. On September 17, 2012, A.E.M. filed a motion to strike additions to the record. This Court found that the motion should be passed for consideration with the merits of the appeal. No motions to supplement the record have been filed, and the record does not contain any extraneous documents that were not included in the original record prepared by the trial court clerk. After due consideration, we find that the motion should be denied because there have been no additions to the record and because the appeal is dismissed.
¶ 6. APPEAL DISMISSED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE, AND KING, JJ., CONCUR.